THE KANSAS CENTRAL RAILWAY COMPANY v. WILLIAM A. ALLEN.

24  33
40  606
24  33
51  413
24  33
69  276

DAMAGES; *Competent Evidence.* On an appeal from an assessment of damages done to a farm by reason of the appropriation of a right of way through it for a railroad, it is competent for a witness, who is a farmer, and well acquainted with the market value of the land in the vicinity, to testify to the value of the farm before and after the location of the railroad.

*Error from Jefferson District Court.*

AT the November Term, 1879, of the district court, *Allen,* as plaintiff, had judgment against the *Railway Company* for $500 and costs. The defendant brings the case here.

*E. Stillings,* for plaintiff in error.

*John S. Hopkins, Louis A. Myers* and *Morse & Foster,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This proceeding, in the court below, was an appeal from an appraisement and assessment of damages made by commissioners appointed by the district court of Jackson county, to assess damages for land taken and injured by the Kansas Central railway company in the location and construction of its railroad. This is the second time the case has been here. (*Kas. Cent. Rly. Co. v. Allen,* 22 Kas. 285.)

Certain questions are now raised as to the competency of the evidence of the owner of the land. It appears from the record that the land is improved; that the witness was in the possession of the land at the time the right of way across the land was laid out; that he was a farmer by occupation, and had been engaged in that business for over thirty years; that he was well acquainted with the market value of lands and farms in the vicinity in 1877; also, before and after

that time; that he knew what was the market value of the land before and after the location of the railroad across it.

In answer to the question, "What was the fair market value of the land as an entire thing just before the right of way was laid out?" the witness said, "Twenty dollars per acre."

In answer to the question, "What was the fair market value of the land as an entire thing just after the right of way was set apart and appropriated for the use of the railway?" the reply was, "Fifteen dollars an acre."

These questions and answers were objected to, and the plaintiff in error, the railway company, claims the trial court erred in admitting this evidence.

It was decided, in the case of *St. L. L. & D. Rld. Co. v. Wilder*, 17 Kas. 239, that damages were properly allowable for the actual value of the land taken by the railroad company, and for consequential diminution in value of the rest of the land. In *M. K. & T. Rly. Co. v. Haines*, 10 Kas. 439, it was held, that in assessing damages done to land by reason of the appropriation of a right of way through it for a railroad, the commissioners or jury may always take into consideration all incidental loss, inconvenience, and damages, present and prospective, which may be known, or may reasonably be expected to result from the construction and operation of the road in a legal and proper manner. That the jury may have before them such facts as will enable them to render a verdict in accordance with these rules, a plaintiff may show generally the value of the land before and after the appropriation. Of course, the opposite party, by cross-examination, may bring out the ability of the witness to judge in the premises, and what he takes into consideration in making up his judgment. While the witness cannot give his opinion as to the amount of damages which the landowner sustains by the location and operation of the railroad across the land, yet he may testify to the value of the land before and after the location of the railroad, as such evidence

is mainly a statement of facts. The evidence objected to was admissible, and the judgment of the district court will be affirmed.

All the Justices concurring.

## THE KANSAS CENTRAL RAILWAY COMPANY v. F. H. IRELAND.

The opinion of the court was delivered by

HORTON, C. J.: The question in this case, as we understand it, is the same as in the above case, just decided, and accordingly, the judgment in this case will also be affirmed.

All the Justices concurring.