THE LEROY & WESTERN RAILWAY COMPANY v. RACHEL A. HAWK.

1. EMINENT DOMAIN — *Elements of Damages* — *Submission to Jury.* The jury may be interrogated as to any particular element of the damages suffered by reason of the construction of a railroad over a tract of land, but a refusal to submit a question asking the jury to state all the elements or sources of damages, and the amount allowed for each, is not error.

2. ———— *Compensation* — *Market Value* — *Opinion* — *Evidence.* A farmer who resides in the vicinity of farming land, who is acquainted

with its situation and quality, its advantages and disadvantages, and who states that he knows its market value, is competent to give an opinion in regard to what the value is, although he may not have been engaged in buying or selling land, and although such opinion is not based on the prices paid upon actual sales of that or similar land.

*Error from Sumner District Court.*

APPEAL by *Hawk* from the report of commissioners to condemn certain lands for a right-of-way for the *Le Roy & Western Railway Company.* Judgment for the plaintiff for $700, at the November term, 1886. The defendant company brings the case here. The opinion states the facts.

*W. P. Hackney*, for plaintiff in error.

*Haughey & McBride*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This action was brought to the district court of Sumner county on appeal by Rachel A. Hawk from the report of the commissioners appointed by the judge of the district court of that county to condemn a right-of-way for the Le Roy & Western Railway Company through a portion of Sumner county and across an eighty-acre tract of land belonging to Rachel A. Hawk. The commissioners had reported that appellant would suffer damages by reason of the construction of the road through her premises, in the sum of $164; and at a trial, which was had with a jury on December 18, 1886, there was a verdict, assessing the appellant's damages at $700. A motion for a new trial was overruled, and judgment was entered upon the verdict. The railway company has removed the cause to this court, and asks for a reversal upon three grounds: 1. Error in refusing to submit certain special questions; 2. In permitting incompetent witnesses to testify as to the value of the land; 3. In giving improper instructions to the jury.

The court refused to submit the question: "How much was the damage to the farm by reason of the water in the ditch, thereby causing the adjacent land belonging to the plaintiff

to cave in?" The question was not warranted by the testimony offered in the case, and its refusal was not erroneous.

The court was further requested to submit to the jury the question: "What damage resulted to the farm by reason of the scaring of stock by the company's cars?" But this was properly denied, as the jury were charged that they had no right to take into consideration in their estimate of damages any risks which the appellant might incur in the way of scaring her stock and teams, as such damages were speculative only.

The third question refused, and about which complaint is made, was: "What are the several elements or sources of the damages which make up the aggregate to the answer to special question No. 10, and how much of said aggregate is made up by each of said elements or sources of damage?" Finding No. 10, referred to, is: "How much damage to the land by reason of the inconvenience for farming and using and occupying such land caused by the building of said railway through, over, and across said land?" *Ans.:* "$380." This method of questioning a jury would serve no good purpose, and is not permissible. A party desiring special findings should submit particular questions instead of general ones, and should not leave the jury to analyze and separately state the constituent elements of the damage suffered. The jury may be interrogated as to any particular element about which there was testimony offered, but to require them to distinguish and describe all the sources of damage and the amount allowed for each, would probably result in confusion, delay, and uncertainty. Such a procedure is not within the purpose of the statute, and has already been disapproved of by this court. ( *L. T. & S. W. Rly. Co. v. Paul*, 28 Kas. 816; *Foster v. Turner*, 31 id. 58.)

The next objection is, that the opinions of incompetent witnesses as to the market value of the land were received. These witnesses were farmers living in the neighborhood of the land in question, well acquainted with its situation and fertility, its advantages and disadvantages, and they were therefore qualified to state their opinions in regard to its value before and

after the railroad was constructed through it. This is not a question of science or skill, requiring expert testimony, but it falls within one of the exceptions to the rule excluding mere opinions of ordinary witnesses. It is not necessary that the witnesses shall be engaged in buying and selling land, nor that they should have knowledge of an actual sale of that or similar land, to make them competent. A farmer living in the vicinity is presumed to be familiar with and to know the value of farm lands, and there can be no doubt of his competency when it is shown that he knows the situation and character of the land, its productiveness and availability for use, and who further states that he knows the value of the same, as did the witnesses in the present case. (*K. C. Rly. Co. v. Allen*, 24 Kas. 33; *Robertson v. Knapp*, 35 N. Y. 91; *K. & E. Rld. Co. v. Henry*, 79 Ill. 290; *Railroad Co. v. Bunnell*, 81 Pa. St. 425; *C. P. Rld. Co. v. Pearson*, 35 Cal. 247; *Mon. Rly. Co. v. Warren*, 12 Pac. Rep. 641; Suth. Dam. 463; Lawson's Opinion Evi. 435.)

The final objection made to a portion of the charge given to the jury is not available. No exception to the instruction was taken at the trial, nor does the record disclose that there was an exception, either general or special, to any portion of the charge; and hence its correctness is not now open to inquiry.

We find no error in the record, and therefore will affirm the judgment of the district court.

All the Justices concurring.