THE CHICAGO, KANSAS & WESTERN RAILROAD COMPANY v. JOHN O. DILL.

1. RAILROAD RIGHT-OF-WAY — *Map of Farm and Improvements, Admitted in Evidence.* In certain condemnation proceedings instituted by a railroad company to procure a right-of-way, the trial court permitted the owner of the land, while testifying as a witness in his own behalf, to introduce in evidence as a part of his testimony a certain map or diagram drawn by himself showing the location of his various improvements on the land, his house, barn, orchard, meadow, cultivated land, etc., and the relative location of the railroad over the land with respect to these improvements, and also permitted the witness to refer to this map or diagram in his testimony. *Held,* Not error.

2. DAMAGES, *Not a Proper Way For Proving.* Also, in such condemnation proceedings, a witness, who could not testify as to the value of the land, was permitted to testify that the land was worth one-third less after the appropriation of the right-of-way than it was before. *Held,* That such is not the proper way for the proving of damages; but as the amount of damages awarded by the jury in the present case was incontestably proved by other witnesses, the error, if error, was immaterial.

3. TESTIMONY *as to Damages — as to Values.* Also in such condemnation proceedings a witness was permitted to testify as to *damages,* instead of as to *values.* *Held,* Error. But as his testimony was not prejudicial, but was really beneficial to the party complaining, *held,* not material error as to such party.

### *Error from Dickinson District Court.*

THE case is stated in the opinion. Judgment for plaintiff *Dill,* at the May term, 1887, for $1,066. The defendant company brings the case here.

*George R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*John H. Mahan,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was a proceeding instituted on December 7, 1886, by the Chicago, Kansas & Western Railroad Company to procure a right-of-way over and across the following, among other lands in Dickinson county, to wit: The northeast quarter of section 5, in township 14 south, of range 3 east, containing about 164 acres. The land belonged to John O. Dill, and the damages thereto were assessed in his favor and in his name. A strip of land containing about 5.32 acres was appropriated by the railroad company for its right-of-way. The commissioners assessed his damages in the aggregate at $232.80, and he appealed to the district court, where the case was tried before the court and a jury, and the jury returned a general verdict in favor of Dill and against the railroad company, and assessed his damages at $1,066; and also made special findings of fact, finding that immediately before the

47 — 41 KAS.

right-of-way was appropriated the property as a whole was worth $6,560; that the land actually taken for the right-of-way was worth $266; and that the remainder of the land was damaged in the sum of $800; and the court rendered judgment accordingly, awarding to Dill as damages the sum of $1,066, and assessing the costs against the railroad company; and the railroad company as plaintiff in error brings the case to this court.

The first alleged error is, that the plaintiff Dill was permitted as a witness and in his own behalf to introduce in evidence and as a part of his testimony a certain map or diagram drawn by himself, showing the location of his various improvements on the land, his house, barn, orchard, meadow, cultivated land, etc., and the relative location of the railroad over the land with respect to these improvements, and was also permitted to refer to this map or diagram in his testimony. We think there was no error in this.

1. Map of farm, in evidence; no error.

The next alleged error is, that the court below permitted a witness, Reuben Haffner, who could not testify what the property was worth either before the right-of-way was appropriated or afterward, to testify that the plaintiff's land was worth after the appropriation of the right-of-way about one-third less than it was before. This manner of proving damages to land over which a railroad is constructed and through which a right-of-way is appropriated, is certainly not to be commended or encouraged, and in many cases it would constitute material and substantial error. (*L. T. & S. W. Rly. Co. v. Paul*, 28 Kas. 816.) But in this case, as in the case above cited, we think the admission of the testimony, although it may have been error, was not substantial or material error, and is not sufficient to justify a reversal of the judgment of the court below. Many witnesses testified with regard to the value of the land before the right-of-way was appropriated and afterward, and from the evidence of these witnesses the verdict of the jury could not have been for a less amount of damages than it was. The defendant

2. Proving damages; immaterial error.

introduced only one witness, a Mr. Kimmerly, and his testimony was that the land was worth about $40 per acre, or $6,560, and the jury found that it was worth just that amount. He also testified that the damage to the farm aside from that portion appropriated as a right-of-way, was about $5 per acre, or about $800, and the jury found this damage to be just that amount. Kimmerly did not testify as to what the land actually taken for the right-of-way was worth, but the testimony of the other witnesses showed that it was worth much more per acre than the remainder of the land, and that it was worth about $50 per acre, just what the jury found it to be worth. We think no substantial error was committed in the admission of Mr. Reuben Haffner's testimony.

It is also claimed that the court below committed material error in permitting the testimony of the witness M. P. Jolly to be introduced. We think error was clearly committed in this particular, but the error was not material. The witness testified as to *damages* only and not as to *values*, and therefore his testimony was erroneous; but he placed the damages so low that his testimony was actually beneficial to the railroad company. This witness testified that the damage to the land aside from the value of that portion taken for the right-of-way was from $700 to $800. Now as above stated, the defendant's only witness testified that this damage was about $800, and all the other witnesses testified that it was much greater than that, some of them fixing the amount as high as $3,000. The jury found it to be just $800.

3. Damages; values; erroneous testimony.

Some other points are made in the brief of counsel, but they do not require comment.

The judgment of the court below will be affirmed.

All the Justices concurring.