WILLIAM JOLLIFF, *Appellee*, V. THE KANSAS CITY WESTERN RAILWAY COMPANY, *Appellant.*

No. 17,950.

SYLLABUS BY THE COURT.

1. PERSONAL INJURIES — *Darkness—Electric Lights—Contributory Negligence.* An employee can not recover for injuries received in consequence of the place where he was at work being too dark, where sufficient electric lights were provided, and he, knowing of the location and use of the switch, omitted to turn them on.

2. —— *Finding of No Evidence—Effect.* Where it is essential to a plaintiff's case that he prove certain electric lights to have been out because they were in bad condition, and not merely because they were not turned on, a finding that there was no evidence to show why they were not burning is fatal to a recovery.

Appeal from Wyandotte court of common pleas. Opinion filed February 8, 1913. Reversed.

*J. C. Rosenberger, Kersey Coates Reed,* both of Kansas City, Mo., and *William Needles,* of Kansas City, for the appellant.

*Henry Meade, W. C. Rickel,* and *Thos. J. White,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: William Jolliff was in the employ of an interurban electric railroad company as night repair man. His duties were to take charge of disabled cars brought to a machine shop, and do such work upon

them as might be directed.  He had been so employed
for several years.   The cars were brought into the
shop over a track, under which was a pit about six
feet deep, to enable workmen to get beneath the car.
Provision was made for lighting the pit by five electric
bulbs, all on the same circuit.   Two were below the
stringers.   One night Jolliff was directed to take a dis-
abled car from the yard to the shop and repair it.   He
stood upon the rear of the car while a helper, acting
as motorman, backed it into the barn.   As it entered
the barn he discovered two pairs of car wheels on the
track over the pit.   Upon his signal the car was stopped
and he stepped from it to remove them.   He pushed one
pair a little distance away from the car and then under-
took to move the other in the same direction.   Some
oil had been spilled on the floor, which caused his foot
to slip, and he fell over the moving wheels, which rolled
against the other pair.   His hand was caught between
the wheels, and he was otherwise injured.   He sued
the company and obtained a judgment, from which
the defendant appeals.

The jury found that while the plaintiff's fall was
caused by the oily floor, the defendant was not guilty
of any negligence by reason of the oil being there.   They
also found that the defendant was not negligent with
respect to the quality of the oil furnished for use in
the plaintiff's lantern, concerning which he had made
some complaint.   These matters being eliminated, the
sole ground of negligence relied upon to sustain the
judgment is the failure of the defendant to provide
sufficient light in the repair shop.   The electric lights
already referred to had been out of order several times
within the preceding three weeks—had been repaired
and burned out, the plaintiff said, probably three or
four times.   Three days before the injury the plaintiff
notified the foreman that the lights were in bad condi-
tion, and a promise was made to repair them.   They
were not burning when the car was brought into the

barn.   The plaintiff at the time did not know whether
or not the lights were out of order.   A switch for turn-
ing them on and off was located on the wall of the shop,
its location being known to the plaintiff.   In view of
these facts, the vital question in the case was whether
the lights were out of order at the time.   Of course if
they were in good condition, but were turned off, the
plaintiff could not recover for injuries resulting from
his own omission to turn them on.   The exact question
upon which the case turned was submitted to the jury
in these words:   "State whether the lights were out of
order or whether they were in working order, but
were not burning because they were turned off."   They
answered:   "No evidence to show why they were not
burning."   This was a direct and specific finding
against the plaintiff upon the precise matter in issue.
In order for him to recover he was required to prove—
that is, to convince the jury by a preponderance of the
evidence—not merely that the lights were not burning,
but that they were in bad condition and could not have
been lighted by turning on the switch.   The jury, being
asked whether the lights were out of order, or were in
order but were dark because they were turned off, an-
swered that there was no evidence to show why they
were not burning.   This is an explicit statement that
there was no evidence—that is, no persuasive evidence,
no preponderance of the evidence—that the want of
light was due to the fault of the defendant.   (*Burks v.
Railway Co.*, 83 Kan. 144, 109 Pac. 1087.)   "Where to
a question the jury respond, 'We don't know,' or in any
like manner, such an answer is tantamount to a simple
denial, for if, from the testimony the jury do not know
whether an alleged fact exists, it follows that the testi-
mony does not show that it exists, and therefore for
the purposes of the case it does not exist."   (*Morrow
et al. v. Comm'rs of Saline Co.*, 21 Kan. 484, syl. ¶ 2.)
That is, such an answer is construed as a finding
against the party bearing the burden of proof as to

that particular matter. (*Croan v. Baden,* 73 Kan. 364, 85 Pac. 532.) Where the jury find that there is no evidence upon a particular matter the effect is still more obvious. No construction is necessary. . The finding is positive and affirmative that there has been a failure of proof, and where it concerns a fact essential to the plaintiff's case, it precludes his recovery. Here the plaintiff was required to show to the satisfaction of the jury that the reason why the lights in the shop were not burning at the time of his injury was because they were out of order, and not simply because they were not turned on. The jury found that this fact was not proved, and the finding is fatal to a recovery.

The judgment is reversed with directions to render judgment for the defendant.