Martin v. City of Columbus.

No. 20,247.

RALPH E. MARTIN, *Appellee*, v. THE CITY OF COLUMBUS, *Appellant*.

SYLLABUS BY THE COURT.

PERSONAL INJURIES—*Special Findings—Irreconcilable with General Verdict*. When special findings of fact in a personal-injury case acquit the defendant of liability on the sole ground on which the plaintiff might have recovered under his petition, the special findings can not be reconciled with a general verdict for the plaintiff and the defendant is entitled to judgment on the special findings.

Appeal from Cherokee district court; JAMES N. DUNBAR, judge. Opinion filed December 11, 1915. Reversed.

*Al. F. Williams, A. H. Skidmore,* and *S. L. Walker,* all of Columbus, for the appellant.

*Charles Stephens,* of Columbus, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages resulting from personal injuries sustained through neglect of the city to repair its streets. A general verdict was returned for the plaintiff. With the verdict the jury returned special findings of fact. The defendant moved for judgment in its favor on the special findings. The motion was denied and the defendant appeals.

As the result of a previous trial judgment was entered for the plaintiff. On appeal the judgment was reversed for failure of proof to sustain a material allegation of the petition. (*Martin v. City of Columbus,* 93 Kan. 79, 143 Pac. 421.) The petition is abstracted in the former opinion. After the cause was remanded the statute of limitations prevented any amendment which would change the nature of the cause of action. It is sufficient for present purposes to say that Maple avenue in the city of Columbus extends east and west. It is crossed by Florida avenue, which extends north and south. Along the south side of Maple avenue a stone crosswalk was laid across Florida avenue. Seventeen and one-half feet north of the stone crossing was a wooden culvert. The culvert was

thirty-three feet long. Just south of the culvert and near its west portion the ground was sunken and low. The traveled way in Florida avenue was a little wider than the ordinary vehicle, about ten feet wide. The petition alleged that at the place used by the traveling public the stone crossing stood about eight inches higher than the general level of the street on the north side of and adjacent to the stone crossing. Whether or not the stone crossing west of the traveled way was higher than the general level of the street there was not stated. The negligence charged was in maintaining the low place just south of the culvert and the high place at the stone walk. No negligence was charged respecting the condition of the stone walk west of the traveled way. The plaintiff was chief of the city fire department and was making a run to a fire in a fire-wagon drawn by horses. The horses were driven west on Maple avenue at a rate of speed proper on such occasions. The plaintiff in due time directed the driver to turn south into Florida avenue, which the driver did. While going in a south-westerly direction into Florida avenue the west wheels of the wagon dropped into the low place just south of the west part of the culvert, the east wheels of the wagon struck the project-ing stone walk, the wagon was turned over on its right side, and the plaintiff was injured.

From the language of the petition, the argument of counsel and portions of the proceedings the court concluded when the case was here before that the petition should be interpreted to charge that the impact of the east wheels of the wagon upon the stone walk caused the wagon to overturn. The depression just south of the culvert into which the west wheels dropped did not overbalance the wagon. It merely created a condition which made the striking of the stone walk by the east wheels the efficient cause. As the first opinion stated, the existence of the depression accentuated or made more dangerous the pro-truding stone walk in the beaten track which the east wheels passed over. "That is, that the right wheels falling to a lower level in this depression, the left wheels immediately striking the crossing gave the vehicle a wrench or turn by which it was overturned." (Martin v. City of Columbus, 93 Kan. 79, 83, 143 Pac. 421.) In a petition for a rehearing filed after the first decision was rendered the plaintiff made no complaint of

this interpretation. No complaint is now made of the court's former interpretation of the petition. On the other hand, as will appear later, the plaintiff still argues that the striking of the east wheels against the stone walk was the proximate cause of the injury, so that there is no dispute about the matter.

At the first trial the jury returned the following special finding of fact:

"Q. 12. Were the wheels on the east or left hand side of the wagon off the ground and in the air at the time the wagon passed over the sidewalk crossing? Answer. Don't know." (93 Kan. 84.)

At the last trial the plaintiff and the defendant each submitted to the jury a question relating to the same subject. Those questions and the answers returned by the jury follow:

"6th. Did either of the east wheels of the fire-wagon strike a high part of the crosswalk and cause the wagon to turn over? Answer: Don't know.

"6th. Were the wheels on the east or left side of the wagon off the ground and in the air at the time the wagon passed over the sidewalk crossing? Answer: Don't know."

These questions related to the fundamental subject, the proximate cause of the injury stated in the petition. To recover at all the plaintiff was obliged to prove that his injury resulted proximately from the cause stated in the petition. The uniform answers "Don't know" mean that the plaintiff failed to establish the ground of recovery upon which he based his action. The legal effect of the answer to the question, "Did either of the east wheels of the fire-wagon strike a high part of the crosswalk and cause the wagon to turn over?" is precisely the same as if it were "No." The general verdict can not be based on the ground of recovery stated in the petition, because the jury found specially against the plaintiff on that subject. Unless based on a ground of recovery stated in the petition the verdict can not be upheld. Consequently the findings of fact and the general verdict in favor of the plaintiff can not be reconciled. When the general verdict and the special findings of fact in any case are contradictory, the statute declares the special findings shall control. All this is elementary law, and since the special findings under consideration cover a vital issue—the cause of the injury—and are against the plaintiff, he is defeated.

There were other findings of the jury. They were to the following effect: The team was running at the time the turn was made into Florida avenue, and when the stone walk was crossed the team did not go beyond the center of Florida avenue in Maple avenue before turning south and was not going directly south at the time the stone walk was crossed, but traveled west of south after the turn was made; when the turn was made the left-hand or east wheels left the ground and the wagon turned up on the right-hand or west wheels; the speed of the team was reduced because of making the turn and the east wheels of the wagon settled back toward the ground after they raised from the ground on the turn; the north side of the stone crossing was from two to three inches above the ground; the west wheels of the wagon passed over the stone walk from eighteen to twenty-four inches west of the traveled way; the right-hand singletree broke when the wheel struck the walk; the wagon was not overturned because of the abrupt turn or the negligence of the driver, and the wagon would have turned over if the team had been slowed down to proper speed when the turn was made and when the wagon passed over the crossing.

The district court denied the motion for judgment because it held the special findings to be inconsistent with each other. This ruling was made, the court said, because of the interpretation given by this court to finding No. 12, returned at the first trial, which finding was to the same effect as the two findings numbered six returned at the second trial. The interpretation given finding No. 12 in the former opinion was that it negatived the proximate cause of the injury stated in the petition. That interpretation was correct and is the same as must now be given to the two findings numbered six. There is no intimation in the former opinion that the special findings returned at the first trial were inconsistent with themselves and the reversal was not based on that ground.

The defendant's position has always been that, considering the speed of the team, the turn was made too abruptly, the east wheels rose in the air, never settled back, and as the team took a southerly course down Florida avenue the wagon went on over. When his petition was drawn the plaintiff no doubt understood that he would be obliged to meet this defense. The

Martin v. City of Columbus.

plaintiff and his witnesses testified that the wagon did tilt, both juries found such to be the fact, and there is no doubt about it. If this initial lifting of the east side of the wagon when the turn was made were not arrested in some way the plaintiff had no case against the city. The plaintiff's explanation was that the east wheels settled back toward the ground. This settling back process necessarily occurred while the team was galloping on, so the depression just south of the culvert was minimized to a mere condition, and the right to recover was staked on the fact that the east wheels struck the precipice presented by the north side of the stone walk in the traveled way. There was evidence that the east wheels did not settle back at all, and evidence that they did settle back. In their special findings the jury went with the plaintiff all the way to the stone walk, but they did not know whether the east wheels were in the air or not when the walk was reached and did not know whether the east wheels struck the walk or not. This court is unable to detect any inconsistency whatever in the findings.

The only inconsistency in the special findings which the plaintiff is able to suggest is indicated in the following extracts from his brief:

"In other words the jury by its answers found that the speed of the team, the acts of the driver or the character of the turn as alleged by defendant, had nothing to do with the wagon turning over; that after the east wheels raised from the ground at the turn they settled back again as they went toward the cross-walk but they did n't know whether the east wheels struck the walk. We ask, in the name of common sense, if the tip was not enough to turn it over out at the turn on the north side of Maple Street and the wheels settled back as the wagon went from there on its fifty foot journey to the cross-walk, what did turn the wagon over if it was not the contact between the east wheels and the walk?"

"We think the material question was submitted to the jury when it was asked whether or not the east wheels settled back after the turn and there is involved in this question and answer the very substance of the question and answer numbered '6.' When findings No. 6 are read in the light of the answer to plaintiff's special question No. 2 that the east wheels did settle back the force of their answer, 'Don't know,' to question numbered '6' is destroyed, and especially when this is considered in the light of the general verdict and common logic—the law of gravity."

This is merely an argument on the weight of the evidence relating to the disputed question of how much if any at all the

east wheels settled back after they were thrown into the air at the turn. Doubtless the same argument was made to both juries whose findings have been brought to this court by appeal. If so, the argument convinced neither one. Both juries refused to find that the east wheels were on the ground, or near enough to the ground to strike the projecting stone walk, when the wagon reached the walk. Reading the findings together, they are that after the east wheels were thrown into the air they settled back some but not far enough to touch the elevated stone walk when the wagon passed over it.

The plaintiff cites the decisions relating to inconsistency between special findings, conflict between special findings and the general verdict, and the duty of the court when dealing with those subjects. The court is very familiar with the decisions and the doctrines they establish. Special attention is called to the cases of *A. T. & Santa Fe Rld. Co. v. Campbell,* 16 Kan. 200, and *Mo. Pac. Rly. Co. v. Holley,* 30 Kan. 465, 1 Pac. 130. They presented questions arising in the general field of the law which embraces special findings and the duty of the court concerning them, but questions quite different from those presented here. Here the findings are few and simple. Those which determine the case relate to one of the "issuable, essential and principal facts." There is no suggestion that the jury did not do its best. Two juries have encountered the same difficulty and have arrived at the same result. There is no finding of fact out of harmony with the findings negativing the allegation of the petition to the effect that the wagon was overturned because the east wheels struck the stone walk. That was the sole ground of recovery proposed in the petition, and findings destroying the only ground of recovery relied on can not be harmonized with a general verdict allowing recovery.

If the court were to speculate about the matter, this theory of the general verdict suggests itself, which harmonizes in point of fact with the special findings: The wagon was moving in a southwesterly direction and not toward the south. If the east front wheel of the wagon were on the ground or near enough to the ground it would strike the walk slightly ahead of the west front wheel. The evidence did not prove that this occurred. On the other hand the west wheel did strike the walk and the horse on that side broke his singletree. With

the east wheels in the air but settling back, the west wheels dropped into the depression south of the culvert. Almost immediately afterward the walk was reached. The center of gravity of the wagon being disturbed and being thrown to the west toward the line of the west wheels, which were carrying all the weight, the momentum of the wagon was great enough to carry it over on its right side when the arresting impact of the west front wheel with the walk occurred. With the soundness of this theory the court is not concerned. It is merely suggested by way of explanation of the general verdict when read with the special findings.

If based on the theory suggested the general verdict can not stand. As pointed out in the former opinion, there was no charge in the petition that the street was defective west of the traveled way where the west wheels struck the walk. The only negligent obstruction created by the stone walk was located at the place where the east wheels passed over it, that is, where, according to the findings, the east wheels did not strike it. The plaintiff still contends that the earth was solid and flush with the walk where the west wheels passed over it. Witnesses testified to this condition. There was, however, some evidence that the walk projected a little above the surface of the ground, and this evidence doubtless lies at the basis of the answer, "When the wheel struck the walk," given by the jury to the question "What caused the right singletree to break?" Of course the jury referred to the right wheel because they refused to say that either left wheel touched the walk. Whether the earth were flush with the walk where the right wheel struck or not, no negligence was charged respecting the condition of the street at that place. The city has never been called upon to defend the condition of the street at that place and no complaint is now made of the condition of the street at that place.

The result of the foregoing is that the suggested theory of the general verdict carries it outside the issues. The fact that no negligence was charged or is relied on with respect to the walk or street where the right wheel passed over the walk precludes recovery on that ground. Negligence in maintaining the depression south of the culvert was not charged in the petition either as an independent or as a proximate cause

of injury, and is not relied on either as an independent or as a proximate cause of injury. This depression was described as "a swag," a sway between the culvert and the walk which, when the right-hand wheels went into it, helped to make the stone walk present itself as a dangerous obstruction to the left-hand wheels. The efficient cause of the accident was placed at the walk and in front of the left-hand wheels, not back at the south side of the culvert and in front of the right-hand wheels, and the jury could not put into the case a ground of liability which the plaintiff did not put into it. Besides this, as the former opinion stated—

"Any negligence of the city in allowing the alleged depression, just south of and near the west end of the culvert, to remain, over which the right wheels passed, is not material unless a collision with the crossing by the left wheels occurred. Such negligence, if any, was unrelated to the catastrophe since it is contended that it was the collision of the left wheels that caused it." (93 Kan. 86.)

Whatever the theory of the general verdict, it rests on something else than the cause of injury stated in the petition, and the special findings acquit the defendant of liability on the only ground on which the plaintiff might recover; therefore, the defendant is entitled to judgment. (*McBeth v. Railway Co.,* 95 Kan. 364, 148 Pac. 621; *Adams v. Railway Co.,* 93 Kan. 475, 144 Pac. 999; *Jolliff v. Railway Co.,* 88 Kan. 758, 129 Pac. 1178.) In the Adams case the special findings acquitted the defendant of the negligence charged, and disclosed that the plaintiff was guilty of contributory negligence; therefore, the defendant was entitled to judgment on two grounds. Either one was enough. In the McBeth case a finding of negligence not charged or proved acquitted the defendant of the negligence charged, and because so acquitted the defendant was entitled to judgment. The Jolliff case is quite conclusive. In order to recover the plaintiff in that case was required to prove that lights were out because in bad condition and not merely because they were not turned on. When asked to state whether the lights were out of order or whether they were in order but were not turned on the jury answered there was no evidence to show why they were not burning. The court quoted the rule as it was stated in the second paragraph of the syllabus of the early case of *Morrow, et al., v. Comm'rs of Saline Co.,* 21 Kan. 484:

"Where to a question the jury respond 'We don't know,' or in any like manner, such an answer is tantamount to a simple denial, for if from the testimony the jury do not know whether an alleged fact exists, it follows that the testimony does not show that it exists, and therefore for the purposes of the case it does not exist."

It was then held that a special finding of failure of proof concerning a fact essential to recovery precludes recovery, and judgment was ordered on the special finding notwithstanding a general verdict in favor of the plaintiff had been rendered.

"Here the plaintiff was required to show to the satisfaction of the jury that the reason why the lights in the shop were not burning at the time of his injury was because they were out of order, and not simply because they were not turned on. The jury found that this fact was not proved, and the finding is fatal to a recovery." (*Jolliff v. Railway Co.*, 88 Kan. 758, 761, 129 Pac. 1178.)

So here. When the cause was returned to the district court it was returned with an authoritative interpretation of the allegations of the petition, binding on the trial court and the trial jury. That interpretation coincided with the plaintiff's own theory of his case, and was that the depression south of the culvert was inconsequential unless the east wheels of the wagon struck the crosswalk and that the striking of the crosswalk by the east wheels of the wagon constituted the proximate cause of the injury. Proof of the fact that the east wheels of the wagon struck the crosswalk was indispensable to recovery. The plaintiff failed to establish the fact, and the jury so found by a special finding which the statute declares superior to the general verdict. The finding is fatal to recovery.

The plaintiff says that if the defendant be entitled to judgment now it was entitled to judgment when the case was here before, but that when the case was here before a new trial was ordered. A motion by the defendant for judgment on the special findings was presented by the former appeal. No reference to it is contained in the former opinion. It is not now necessary to give the reasons which led the court to omit mention of the motion in the opinion and to grant a new trial. If the court simply ignored the motion and gave the plaintiff another opportunity to prove his case, he ought not to complain. There can now be no justification for continuing the litigation.

The judgment of the district court is reversed and the cause is remanded with instruction to enter judgment for the defendant on the special findings of fact.

JOHNSTON, C. J. (dissenting) : In my view the most that can be said against the verdict of the jury is that some of the special findings are apparently inconsistent with it. That is a ground for setting it aside but not for rendering a judgment for the defendant notwithstanding the general finding for plaintiff. By the verdict the jury determined every question in the case in favor of plaintiff outside of the facts specially found that may be inconsistent with it. The plaintiff alleged that the city was negligent not only in allowing the crosswalk to be too high but also in leaving a hole or sunken place between the crosswalk and a culvert, a space of seventeen feet towards the north, and in failing to repair the culvert and fill the low and unsafe place. There was evidence tending to show that the depression existed in the street as well as that the walk was too high. The general verdict finds that both defects existed and contributed towards the accident, yet in the face of the general verdict defendant insists that it is entitled to judgment because there is no affirmative special finding that the east wheels of the wagon struck the walk. No special finding was returned as to the cause of the overturning of the wagon and the jury were not asked to find the specific negligence on which they based their verdict. The jury were in doubt whether the east wheels struck the walk as the wagon passed over, but defendant would be liable if the wagon was overturned and the plaintiff injured by reason of the depression in the street whether the east wheels struck the walk or not. They did find that the east wheels after rising did settle back toward the ground, but they were unable to say whether the wheels touched the walk as the wagon passed over. They were unable, too, to say that the wheels did not strike the walk, and yet defendant asks that the verdict, which finds every fact not negatived by a special finding, be ignored, as well as the special findings that the accident was not the result of the excessive speed, the abrupt turn of the wagon, or the negligence of the driver. It asks for a judgment although no

special finding was made as to what overturned the wagon nor as to the specific negligence on which the verdict was rested. There are reasons for contending that the verdict should be set aside because of inconsistency of the general and special findings, but a judgment for the defendant should not, in my opinion, be ordered as against the verdict and findings in favor of plaintiff upon the single answer of the jury, "Don't know," made to a question that is not necessarily vital.