No. 21,449.

JOHN CRAIG, *Appellee*, v. THE SALINA NORTHERN RAILROAD COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. CONDEMNATION PROCEEDINGS—*Railroad Right of Way—Measure of Damages to Farm as a Whole—Evidence.* In the trial of an appeal from an award of damages for the appropriation of a railroad right of way through a farm, a witness for the landowner testified that he could give an opinion as to the value of the farm as a whole, but not of the separate tracts of which it was composed. *Held*, that no reversible error was committed in sustaining objections to questions asked him on cross-examination as to the value of specific tracts, and as to how he could tell what the whole was worth without knowing the value of the different parts.

2. SAME—*Instructions.* The instructions in such a case held not to be objectionable as failing to state the issues.

3. SAME—*Findings as to Damages to Each Separate Tract Not Required.* In such a case no error is committed in the refusal to require the jury to answer questions as to how much depreciation in the value of each of several tracts forming a part of the farm was caused by the appropriation of the right of way.

4. SAME—*No Error in Refusing Special Question.* In such a case no error is committed in the refusal to require the jury to enumerate the considerations that tended to make the farm less valuable by reason of the location of the railroad.

5. SAME—*Verdict—No Passion or Prejudice Shown.* The record held not to show that the verdict was the result of passion or prejudice.

6. SAME—*Interest on Damages Properly Computed.* On an appeal from an award in condemnation proceedings the allowance of interest from a date subsequent to the appropriation is held not to have been erroneous.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed April 6, 1918. Affirmed.

*David Ritchie*, of Salina, for the appellant.

*C. W. Burch, B. I. Litowich,* and *La Rue Royce*, all of Salina, for the appellee.

The opinion of the court was delivered by

MASON, J.: The Salina Northern Railroad Company acquired a right of way across the farm of John Craig by condemnation. He appealed from the award of the commissioners,

and on a trial in the district court was allowed a larger sum. The company now appeals.

1. A witness for the plaintiff testified that he could estimate the value of the plaintiff's farm before and after the condemnation, and he undertook to do so. On cross-examination he was asked if he could give the value of one of the tracts of which it was composed. He answered, "I don't know as I can in the separate tracts. I was n't figuring on the farm that way." He was then asked if he had any opinion as to the value of each of a number of tracts in turn. Objections to these questions as involving repetition were sustained; and complaint is made of these rulings. We see no error in this regard. The witness had, in substance, disclaimed ability to place a separate valuation on the several tracts. The rights of the defendant were not invaded by the refusal to permit the matter to be gone over with respect to each of them. The witness was also asked on cross-examination how he could form a judgment of the value of the whole farm if he could n't tell what the different parts were worth, and an objection to this question as being argumentative and repetition was sustained. Doubtless it would not have been improper for the court to have allowed the question to be answered on the theory that something might be developed which would aid the jury in determining the weight to be attached to the opinion of the witness, but we regard its exclusion as within the reasonable discretion of the court in supervising the examination. The defendant had the opportunity of arguing to the jury that if the witness could not put a valuation on the tracts separately his valuation of the whole was the less likely to be correct, and what if anything the witness might have been able to say in reply to that suggestion was not highly important.

2. The contention is made that the court erred in failing to instruct the jury as to the elements to be considered in arriving at the amount to be awarded. No special instructions were asked, and no specific omission is pointed out in the brief. The jury were told that they could not consider benefits to the land, nor damages from risk of fire, or of injury to stock, or of teams being frightened, or of depredations by tramps. The amounts allowed for the land taken and for the injury to the

remainder were separately found. We perceive no vital omission in the charge.

3. Special questions were submitted, asking the jury how much damage they allowed to each of several tracts forming a part of the farm. To each of these questions the answer was returned, "No evidence on separate tracts taken as a whole farm." The defendant asked that the jury be required to return a more specific answer, but the request was refused. The contentions are made that the answer is untrue, because there was some evidence as to the value of the separate tracts before and after the condemnation, and that the defendant was entitled to have the questions definitely answered. The jury's answer that there was no evidence as to the value of the particular tract does not amount to a statement on their part that no evidence whatever was introduced on the subject. It is to be interpreted as meaning that there was no persuasive evidence—no preponderance of the evidence—such as to enable them to form a judgment in the matter. (*Jolliff v. Railway Co.*, 88 Kan. 758, 129 Pac. 1178.) We do not regard as erroneous the refusal to require other answers to be made. Several of the particular parcels inquired about were not touched by the right of way, and considered as separate and independent tracts could have suffered no depreciation. If the damages to the whole farm were to be arrived at by estimating the loss to each tract and adding together the amounts so obtained, there would be a purpose in requiring the award to be itemized, but such is not the case. The actual loss to the owner could only be arrived at by considering the farm as a whole, in view of the use to which it was put. After the amount had been so ascertained, it might possibly have been apportioned among the different parcels according to some principle of distribution, but no benefit could accrue from such a process, as the allowance was not made piecemeal, and could not have been reached in that manner.

"In estimating the damages to a farm occasioned by the condemnation of a portion of it for railroad purposes the various subdivisions of the farm, like wheat-field, corn-field, meadow, pasture, house-lot, garden-lot, barn-yard, etc., cannot be considered separately and damages assigned to each. An entire tract, when occupied, improved and used as a farm, cannot be valued in such detached parcels." (*Railway Co. v. Roe*, 77 Kan. 224, 226, 94 Pac. 259.)

A suggestion is made that one of the tracts in question is separated from the house by a highway and also by a creek. These considerations are not fatal to the right of the plaintiff to have the farm treated as a unit.  (2 Lewis Eminent Domain, 3d ed., § 698.)

4.  The jury were asked what elements of damages they considered in making up the award, aside from the value of the property taken, and answered: "Depreciation of value of the farm as a whole."  Complaint is made on the ground that a fuller answer should have been exacted.  It has been specifically held that the jury need not be required to show the amount of loss deemed due to each factor in the depreciation.  (*L. T. & S. W. Rly. Co. v. Paul,* 28 Kan. 816.)  We think no error was committed in refusing to compel the jury to enumerate all the considerations that tended to make the farm less valuable by reason of the location of the railroad.  As has been said in a similar case:

"A party desiring special findings should submit particular questions instead of general ones, and should not leave the jury to analyze and separately state the constituent elements of the damage suffered.  The jury may be interrogated as to any particular element about which there was testimony offered, but to require them to distinguish and describe all the sources of damage and the amount allowed for each, would probably result in confusion, delay, and uncertainty.  Such a procedure is not within the purpose of the statute, and has already been disapproved of by this court."  (*L. & W. Rly. Co. v. Hawk,* 39 Kan. 638, 640, 18 Pac. 943.)

5.  It is urged that the amount awarded is so large as to show passion and prejudice.  The verdict is not without some evidence in its support, and the approval of the trial court makes it conclusive.

6.  The remaining question involved is whether error was committed in allowing interest on the difference between the amount deposited by the defendant and the amount here recovered, for the period between July 21, 1915, prior to which time the appropriation had taken place, and the return of the verdict.  The defendant invokes the rule which forbids the allowance of interest as such in actions for unliquidated damages founded on tort.  The present proceeding is not of that character, and the rule does not apply.  (*Calkins v. Railroad Co.,* ante, p. 835.)

Interest is allowable from the date of condemnation, unless it is shown that the owner's possession was not interfered with, and that he suffered no embarrassment or inconvenience therefrom. (*Irrigation Co. v. McLain,* 69 Kan. 334, 341, 76 Pac. 853.) No such showing was made; in fact, there was evidence that grading was begun in June, 1915. We conclude that the allowance of interest was proper.

The judgment is affirmed.