K. C. & S. W. Rld. Co. v. Baird.

THE KANSAS CITY & SOUTHWESTERN RAILROAD COMPANY v. VOLNEY BAIRD.

41   69
41   71
42  391

41   69
f73  142

1. FARM — *Value — Competent Witness.* Farmers who reside in the vicinity of a farm, and are familiar with it, and know its capacities, and testify that they know its value, are competent to give their opinions as to its value, though they know of no sale of any farm in that vicinity. Following *K. C. & S. W. Rld. Co. v. Ehret,* ante, p. 22.

2. RIGHT-OF-WAY — *Damages — Farm - Crossings.* On the trial of the question of damages for taking of a right-of-way by a railroad company, it was not error to allow the jury to consider the probable expense of constructing and maintaining farm-crossings, though there was no evidence of their necessity,'where the jury, by consent of the parties and permission of the court, viewed the land.

*Error from Cowley District Court.*

ACTION to recover damages for a railroad right-of-way. Judgment for the plaintiff *Baird* for $1,150, at the October term, 1886. The defendant *Railroad Company* brings the case here.

*Jos. O'Hare,* for plaintiff in error.

*Peckham & Henderson,* for defendant in error.

*Per Curiam:* This was an appeal from an award made by the board of county commissioners of Cowley county for damages alleged to have been sustained by Volney Baird by reason of the appropriation of a right-of-way over his land by the Kansas City & Southwestern Railroad Company. A verdict was rendered for Baird for eleven hundred and fifty dollars, and judgment entered thereon. The Railroad Company excepted, and brings the case here.

The principal question presented and argued is as to the competency of the evidence of the value of the land by witnesses, who were farmers residing within the vicinity of the land, but had no knowledge of the sales of land in their vicinity. This question was fully examined, and decided adversely to the railroad company, in *K. C. & S. W. Rld. Co. v. Ehret,* ante, p. 22; 20 Pac. Rep. 538.

It is also urged that the trial court erred in permitting the jury to take into consideration the probable expenses of constructing and maintaining reasonable farm-crossings. It is said that there was no evidence that additional crossings were needed. It appears from the record that, with the consent of the parties and the permission of the court, the jury were conducted in a body to view the land; they therefore had full opportunity to examine and ascertain what crossings the railroad had built, and what were needed. (Lewis on Em. Dom., § 496.)

It is further urged that Baird was allowed sixteen dollars for fences taken on the right-of-way, and also $203.40 for the right-of-way actually taken; that the damages allowed for the right-of-way included the fences thereon. The evidence, however, shows that some of the witnesses testified that all of the land was worth upon an average $45 per acre, and also, that the hedge or fence taken was worth from $16 to $20. We therefore cannot say that there was any error in the item of $16 for the fence or hedge taken.

The judgment of the district court will be affirmed.