CHARLES SULLIVAN *et al.* v. S. A. BROWN & Co.

JUSTICE OF THE PEACE—*Practice.* The plaintiff commenced an action before a justice of the peace upon an account duly verified under § 84 of the justices' act, and no denial of the account, verified by affidavit or otherwise, was ever interposed. The justice, in the absence of the plaintiff, sustained a motion of the defendants to dismiss the action for want of prosecution, but within five minutes thereafter and before he entered the order of dismissal upon his docket, set aside the order of dismissal and overruled the defendants' motion, and set the case down for trial at a later hour of the same day, and the defendants' attorney had full notice thereof, and the justice afterward rendered judgment in favor of the plaintiff and against the defendant for the amount of the plaintiff's account. *Held,* No material error was committed as against the defendants.

*Error from Sedgwick District Court.*

THE opinion states the case.

*Edwin White Moore,* for plaintiffs in error.
*Dale & Wall,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action commenced before a justice of the peace of Sedgwick county on November 27, 1888, by S. A. Brown & Co., a corporation, against Charles Sullivan and George Steinmetz, to recover on an account the sum of $230. The summons was made returnable on December 8, 1888, at 9 o'clock A. M., which summons appears to have been duly served. Attachment and garnishment proceedings were also commenced at the time of commencing the action, but as no question is presented with regard to them, they will not be further mentioned in the case. We shall now give so much of the proceedings of the justice of the peace as are applicable to this case, and as they appear from the record, and as entered by the justice upon his docket. They are as follows:

"And now, to wit, on this 8th day of December, 1888, at 10 o'clock A. M., this cause comes on for hearing. The plaintiff, S. A. Brown & Co., not present, and the defendants, Charles Sullivan, George Steinmetz, by Moore & Douglass, their attorneys, present. In three minutes thereafter, and during the pressure of other official business, the defendants, by their attorney, Edwin White Moore, moved to dismiss this action for want of prosecution, and insisted upon a ruling on said motion at once, for the reason that he must be in another court immediately; and while in the act of leaving my office, and on his insisting, I sustained said motion, and said attorney withdrew at once from said office. Within five minutes, and before any entry had been made on my docket, I discovered that the account sued on was verified by the affidavit of H. L. Williamson, plaintiff's manager therein. I immediately sent word to the said attorney that I had reconsidered my rul-

ing on said motion, and had overruled the same, also at the same time sending word to plaintiff's attorneys, who were with defendants' attorney, attending upon the district court of this county, of my action, and that the case was set down, upon my own motion, for trial at 3 P. M. of this day. At or near 2 o'clock of this day said attorney Moore informed me that he had notice of my action as aforesaid, and that he had seen plaintiff's attorneys at said district court, and that he wanted until Monday of next week to consider whether he would stand upon record now made, if plaintiff's attorneys would agree to such continuance. No further appearance being made herein by either party, and on account of the pressure of other official business, I passed this case until December 10, 1888; at which time, and at 10 o'clock A. M., plaintiff's attorneys appeared for the plaintiff, and, in the absence of the defendants and their attorneys, demanded judgment for the plaintiff, stating that the defendants by their attorneys had agreed that this case should be set for hearing at 9 A. M. of this day. ' Whereupon the hearing is had, the correctness of plaintiff's verified account still not denied under oath by the defendants. And on hearing the proofs and allegations of parties, I do find for the plaintiff, in the sum of $222.75, of which $22.75 is for 7 per cent. interest on $200, from April 25, 1887. It is thereupon, on this 10th day of December, 1888, considered, ordered and adjudged by the court, that the said S. A. Brown & Co., plaintiff, have and recover of the said Charles Sullivan and George Steinmetz, defendants, the sum of $222.75, with 7 per cent. interest per annum from date, together with costs herein, taxed at $6.40. December 10, 1888, at or near 11 o'clock A. M., Edwin White Moore, one of the defendants' attorneys herein, appeared and protested that he had not agreed with plaintiff's attorneys that this case should be set down for hearing at 9 o'clock A. M. of this day, and objected to the entering of any judgment herein, and also excepted to the ruling of the justice in reconsidering and then overruling of this said motion heretofore made, to dismiss this action for want of prosecution on the part of the plaintiffs, last Saturday, December 8, 1888."

On December 15, 1888, the defendants took the case to the district court upon petition in error, and on April 2, 1889, the case was dismissed by the district court, and judgment for costs was rendered in favor of S. A. Brown & Co. and against Sullivan and Steinmetz; and afterward Sullivan and Stein-

metz brought the case to this court on petition in error, making S. A. Brown & Co. the defendant in error.

Did the district court commit material or substantial error in dismissing Sullivan and Steinmetz's petition in error?  It appears that the bill of particulars of the plaintiff in the justice's court set forth a cause of action upon an account, and was duly verified, and no denial of this account, verified by the affidavit of the opposite party or of anyone else, and indeed no denial of any kind, was ever made or presented to the justice of the peace, and no testimony was introduced before the justice; hence, the only action that the justice could properly have taken in the matter was to render judgment in favor of the plaintiff in his court and against the defendant for the amount of the account. (Justices' Code, § 84; *S. K. Rly. Co. v. Gould,* 44 Kas. 68.)  At the time, however, when this case came up for consideration in the justice's court, the justice was engaged in other official business, and could not properly have taken up the case at all for consideration.  However, the justice was pressed by the defendants to dismiss the plaintiff's action for want of prosecution, and the justice sustained the defendants' motion, but never made any entry thereof upon his docket, and within about five minutes thereafter overruled the defendants' motion and set the case down for trial at 3 o'clock P. M. of the same day, and the defendants' attorney had full notice thereof.  Now, under the pleadings and proceedings in the justice's court, as the justice had no power to act except to render judgment in favor of the plaintiff in that court, and against the defendants for the amount of the account, and as the order sustaining the defendants' motion to dismiss the action was never entered upon the justice's docket, and as such order was set aside and the motion overruled in a few minutes after they were made, and as the attorneys for the defendants had full notice of the same, we think we cannot treat the subsequent proceedings of the justice as void; and as the justice on December 10, 1888, rendered the only proper judgment that could ever have been rendered in the case under the pleadings and proceedings, we think such judg-

ment ought to have been affirmed by the district court. And therefore, as the judgment of the justice of the peace ought to have been affirmed, it was certainly not material error, as against the defendants in the justice's court, plaintiffs in error in the district court and in this court, for the district court to dismiss such parties' petition in error.

Hence the judgment of the district court will be affirmed.

All the Justices concurring.