THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY V. O. F. ROE.

No. 15,038. (94 Pac. 259.)

THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY V. JOHN BERRY.

No. 15,037. (94 Pac. 259.)

SYLLABUS BY THE COURT.

EMINENT DOMAIN—*Measure of Damages.* A railroad company condemned for its corporate use portions of two blocks divided into lots, comprising part of an addition to a city. The two blocks were fenced with two others, making a tract of about eight acres nearly in the form of a square, which was cross-fenced. The alleys were not opened through the tract, and streets and alleys were not followed in that part of the city. The owner sued for damages on account of the land taken and the injury to the remainder of the two blocks from which land was taken. *Held*: (1) The plaintiff was entitled to compensation according to the most advantageous and profitable use he could make of his land. (2) The defendant could not insist that the plaintiff treat his entire holding as a farm in order to minimize his damages.

Error from Neosho district court; LEANDER STILL-WELL, judge.  Opinion filed February 8, 1908.  Affirmed.

*John Madden,* and *W. W. Brown,* for plaintiff in error.

*Cline & Stratton,* for defendants in error.

The opinion of the court was delivered by

BURCH, J.: The plaintiff owned blocks I, J, O and P in Dodd's addition to the city of Erie.  Blocks J and O adjoin I and P on the west and are divided into lots. The defendant condemned for railroad purposes a strip of land on the west end of blocks J and O, whereby the lots were very much shortened.  The plaintiff appealed from the award of damages, and in compliance with an order of court filed a petition setting forth his claim.  The relief asked was limited to damages for land taken in blocks J and O and damages for the injury to the remainder of blocks J and O.

On the trial the plaintiff was the first witness in his own behalf.  On direct examination his evidence was confined to damages according to the theory of his petition.  On cross-examination, however, and over the objection of his attorneys, he was led to say that his entire holding constituted about eight acres, nearly in the form of a square; that it was fenced in one body, with cross-fences; that the alleys were not opened; and that the streets and alleys in that part of the town were not yet recognized.  On the basis of this evidence he was asked by the defendant to estimate his damages, taking the four blocks as a single and entire tract and as a farm.  His attorneys objected, but the court held the testimony to be admissible, and it was given.  After that, in the progress of the trial, the plaintiff, over the objection of the defendant, offered evidence under both theories of the case.

The defendant now complains because the court ad-

mitted evidence of damages according to the assumption that the four blocks formed a single tract, and asserts that such evidence was outside the issue tendered by the petition. If so the error was induced by the defendant and it cannot complain; and if so the error was cured by the instructions to the jury, which confined the award of damages to the value of the portions of blocks J and O taken and the injury to the remaining portions of those two blocks.

The defendant insists, however, that the petition and the instructions were both framed upon the wrong theory. It calls the plaintiff's property a farm, and says that in all such cases the damages must be the difference between the value of the farm as a whole immediately before and immediately after the condemnation.

It is perfectly true that in estimating the damages to a farm occasioned by the condemnation of a portion of it for railroad purposes the various subdivisions of the farm, like wheat-field, corn-field, meadow, pasture, house-lot, garden-lot, barn-yard, etc., cannot be considered separately and damages assigned to each. An entire tract, when occupied, improved and used as a farm, cannot be valued in such detached parcels. But no such question is presented here. The property in controversy is city property. It was recognized by the defendant itself in its condemnation proceedings as lots and blocks of an addition to a city, was proved by the evidence to be city property, and the jury found specially that it is city property. The plaintiff made no arbitrary or whimsical division of his land in his petition, but merely yielded to the fact that it had been platted into lots and blocks and claimed damages to such portion of those lots and blocks as he believed was injured.

In framing his petition the plaintiff was entitled to claim damages according to the most advantageous use he could make of his land: If, for example, taking the entire body of lots as a whole, they could be used most profitably for fruit-raising, or as a vegetable garden, or

for a dairy, he might have sued for and recovered damages to the entire tract on that theory, and the circumstance that the lots were separated by streets and alleys would not have stood in the way. On the other hand, if the chief value of the property, or some of it, should lie in its marketability as ordinary city lots, the plaintiff would have the right to take advantage of the municipal subdivisions and claim damages to all those, and to those only, which were decreased in value by reason of the condemnation. If the depreciation in value should extend across lot- or block-lines or streets or alleys the damages should be coextensive with the injury, since nothing less would afford compensation, and it is the purpose of the law to secure to the landowner full compensation. (*Irrigation Co. v. McLain,* 69 Kan. 334, 76 Pac. 853.)

If in this case the plaintiff has counted upon the less valuable of two purposes to which his land might be devoted the defendant cannot complain. But the defendant cannot insist upon an enlargement of area for the purpose of depriving the plaintiff of the damages sustained, regarding his lots as city property. It cannot select a less advantageous or less profitable use as a basis for damages and compel the plaintiff to hold his city lots as farm land to minimize them.

It is claimed a witness was incompetent to testify. When all his testimony is considered it is plain that he was abundantly qualified.

There is nothing whatever in the record to indicate that the jury awarded damages in violation of the instructions.

The judgment of the district court is affirmed.

The foregoing considerations control the decision of the case of *The Missouri, Kansas & Texas Railway Company v. John Berry,* No. 15,037, except in respect to a claim of a waiver of damages, which is without merit, and the judgment of the district court in that case is affirmed.