THE KANSAS CITY, OLATHE, LAWRENCE & TOPEKA RAILWAY COMPANY V. JOHN WEIDENMANN.

No. 15,386.    (94 Pac. 146.)

SYLLABUS BY THE COURT.

1. CONDEMNATION PROCEEDINGS—*Opinion Testimony of Market Value of Land.* In a proceeding to condemn a right of way for a railroad through a farm a farmer who has lived many years in the neighborhood and knows the character of the land and the course of the railroad through it, as well as the condition in which it was left by the construction of the railroad, and who states that he is acquainted with its market value in that neighborhood, is competent to express an opinion of its market value, although he does not know of any actual sales in the neighborhood at the time the land was appropriated.

2. ——— *Rule for Determining Market Value of Land.* In determining the market value of land appropriated any and

every legitimate use to which it may be applied and for which it is adapted, including that which is most advantageous and valuable, may be considered.

3. ———— *Evidence of Specific Sales in Determining Market Value.* The issue of what an owner should receive for land condemned cannot be established by some specific or exceptional sale in the neighborhood, but to test the knowledge of witnesses and the value of opinions given by them as to values they may be asked, on cross-examination, as to other transactions and as to sales of other property.

Error from Johnson district court; WINFIELD H. SHELDON, judge. Opinion filed February 8, 1908. Affirmed.

*Ogg & Scott,* and *A. F. Hunt, jr.,* for plaintiff in error.

*Battle McCardle,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: In a proceeding to condemn a right of way for an interurban railroad, laid out between Kansas City and Olathe, the Kansas City, Olathe, Lawrence & Topeka Railway Company appropriated a strip of land through the 160-acre farm of John Weidenmann. For the land taken and the injury to the residue of the tract the commissioners allowed Weidenmann $1935 as damages. An appeal was taken to the district court, where the award was increased to $2937.50. In this court the railway company challenges the methods by which the values and damages were proved.

The first specification of error is that Weidenmann was allowed to state what he regarded to be the value of the land, instead of testifying to its market value. It is true, as contended, that the compensation to which an owner is entitled is to be measured by the market value of the land, but there is no substantial ground for the claim that the rule was violated in this instance. The witness was interrogated at some length on the subject, and in all of the questions except two the in-

quiry was as to the fair market value of the land, and the omission of the word "market" in those two appears to have been unintentional. Even on the cross-examination the witness stated specifically that the values he had given were the market values.

Another witness was asked to give the market value of the land on and *prior* to September 23, 1905. The date mentioned was the time when the report of the commissioners was filed, and the testimony as to the market value of the land taken should, of course, have been directed to that time. In determining the damages to the land not taken it is proper to inquire as to the market value of the land immediately before and immediately after the appropriation. It is argued that too much range of time was given by the use of the word "prior" in the question asked, and that the examination of the witness should have been more closely confined to the time the land was appropriated. By other questions, however, the attention of the witness was directed to the specific time of appropriation, and he gave the value as of that time and the value immediately after that time. As to this matter his answers were consistent and no possible prejudice arose from the misuse of the word in a single question.

An objection is made to the testimony of one Tessar, who, it is said, was not shown to be qualified to testify in regard to the value of the land in question. It appears that he was a farmer who had lived within a mile of the Weidenmann land for twenty-two years; that he knew the course of the railroad through the land and the condition in which it was left by the construction of the railroad, including the depth of the cuts and the height of the fills, as well as the difficulty in passing from one side of the railroad to the other. While he knew of no sales in September, 1905, he stated that he was acquainted with the market value of the land in that neighborhood. He was competent to express an opinion. The fact that he did not know of an actual sale at the time of the appropriation did

not disqualify him as a witness nor prevent him from giving a fair estimate of the market value of the land at that time.

"A farmer living in the vicinity is presumed to be familiar with and to know the value of farm lands, and there can be no doubt of his competency when it is shown that he knows the situation and character of the land, its productiveness and availability for use, and who further states that he knows the value of the same, as did the witnesses in the present case." (*L. & W. Rly. Co. v. Hawk*, 39 Kan. 638, 641, 18 Pac. 943, 7 Am. St. Rep. 566.)

The testimony of this witness was sufficiently definite as to time.

There is complaint that a witness was permitted to testify, over an objection, as to the value of the land for farming purposes. The owner was entitled to show its market value for every purpose to which it was adapted. The fact that it has been used for one purpose does not prevent him from showing its availability for other appropriate uses and its value for such uses. Generally witnesses should give their opinions as to the market value for any suitable purpose, rather than the value for any particular purpose, but in forming their opinions they may take into consideration the most advantageous use to which the property may be applied, having reference to existing and prospective conditions in the community. (*Comm'rs of Smith Co. v. Labore*, 37 Kan. 480, 15 Pac. 577; *Cohen v. St. L., Ft. S. & W. Rld. Co.*, 34 Kan. 158, 8 Pac. 138, 55 Am. Rep. 242; *C. K. & W. Rld. Co. v. Willits*, 45 Kan. 110, 25 Pac. 576; *Irrigation Co. v. McLain*, 69 Kan. 334, 76 Pac. 853; *In the matter of Furman st.*, 17 Wend. [N. Y.] 649; *Goodin v. Cincinnati and Whitewater Canal Company and others*, 18 Ohio St. 169, 98 Am. Dec. 95; *Boom Co. v. Patterson*, 98 U. S. 403, 25 L. Ed. 206; *Railway Company v. Forbis*, 15 Mont. 452, 39 Pac. 571, 48 Am. St. Rep. 692; *Spring Valley W. W. v. Drinkhouse*, 95 Cal. 220, 28 Pac. 681; 2 Lewis, Em.

Dom., 2d ed., § 479.) Of course, this does not warrant the introduction of testimony as to fanciful uses to which the land is not naturally adapted nor its value for purposes which are outside the bounds of reasonable expectation. There is no ground for the objection in this case, as the purpose to which the land had been devoted and the one to which it is adapted was the one taken as the basis of valuation.

No error was committed in excluding testimony of particular sales proposed to be given on direct examination of defendant's witnesses. The general selling price in the neighborhood is one of the tests of value, while the price paid for a particular property may have been a sacrifice from necessity, the result of trickery or fraud, or of recklessness and folly. The dissimilarity in properties makes comparison difficult and impracticable; besides, such a rule would introduce as many collateral issues as there were sales, thus making inquiry almost interminable. To test the knowledge of witnesses and the value of their opinions in such cases they may be asked, on cross-examination, as to other transactions and as to sales of other property. On the main issue, however, the price an owner should receive cannot be established by some specific or exceptional case, and the evidence on the direct examination was therefore properly confined to the general selling price in the neighborhood. (*K. C. & T. Rly. Co. v. Vickroy*, 46 Kan. 248, 26 Pac. 698; *C. K. & N. Rly. Co. v. Stewart*, 47 Kan. 704, 28 Pac. 1017.)

Exception was taken to the refusal to give an instruction, but an examination of the record discloses that the rule of law suggested by the request was embodied in the general charge and in language that is not open to objection.

There being no substantial error in the record, the judgment of the district court is affirmed.