## JURISDICTION TO REVIEW A FINAL DECISION OF THE PROBATE COURT.

Court of Appeals for Cuyahoga County

The W. M. Southern Realty Company v. A. A. Schmidt et al.

Decided, March Term, 1914.

*Appeals in Road Cases—Abutting Owner Dissatisfied With. Compensa-*
*tion Awarded—Trial Had Before the Probate Court—Appeal to the*
*Common Pleas—Right of a Reviewing Court to Reverse for Error*
*which the Trial Court Could Have Corrected—Evidence as to Sales*
*in the Neighborhood.*

The right of the court of common pleas, under the provisions of Sec-
tion 7093 of the General Code, to review the final decision of the
probate court in appeal by claimant for compensation and dam-
ages in road cases, is not limited to the right of the probate
court to grant a new trial for misconduct of the jury, but the
common pleas court, upon petition in error, is required by this
section to review the entire proceedings of the probate court and
reverse the final decision of that court for error that occurred
in its proceeding which affect tthe substantial rights of the party
complaining.

*Howell, Roberts & Duncan,* for plaintiff in error.

*Cyrus Locher,* Prosecuting Attorney, and *F. W. Green,* Assist-
ant Prosecuting Attorney, contra.

Pollock, J.; Metcalfe, J., and Norris, J., concur.

Proceedings were instituted before the commissioners of Cuya-
hoga county for the establishment of a public road through the
lands of plaintiff in error and others.

The viewers in that proceeding made their report establishing
the road, and allowing to plaintiff in error compensation for the

land taken and damages for the remainder, and this report was affirmed by the commissioners.

Plaintiff in error being dissatisfied with the compensation allowed it for the land taken and damages given for the remainder appealed to the probate court from the action of the commissioners affirming the report of the viewers as to the compensation and damages allowed him.

Trial was had before the probate court and a jury resulting in a verdict for a less sum than that allowed by the viewers. A transcript of all the evidence introduced in the trial in the probate court was signed by the probate judge and filed in the case as a bill of exceptions.

Error was then prosecuted to the court of common pleas of this county, and there the judgment of the probate court was affirmed, and error is prosecuted to this court to reverse the judgment of the court of common pleas and the probate court.

The errors complained of in the trial of the cause in the probate court are—

First, improper rejection of evidence offered by plaintiff in error in the trial of that action.

Second, improper admission of evidence offered by defendants in error in that action.

Third, errors in the charge of the court respecting the evidence so admitted.

These are the errors urged here for a reversal of the judgment of the courts below.

It is urged by the defendants in error that the court of common pleas had no jurisdiction to review the final decision of the probate court for any of the errors appearing in the record, and for that reason the petition in error in this court should be dismissed.

Section 7083 of the General Code provides for a jury trial to determine the compensation to be paid for the property taken and the damages to the residue, and a return of the verdict by the jury. Upon the return of this verdict the probate court is not authorized to render judgment on the verdict, but the court has no further duties to perform in these proceedings, except to render judgment for costs, make a record of the proceedings

and transmit to the county auditor the original papers and the transcript of the proceedings before the court, unless the verdict is attacked for misconduct of the jury; in which event the probate court may set the verdict aside and grant a new trial.

The last sentence of the section of the code just referred to is as follows:

"A new trial shall not be granted except for misconduct of the jury, nor shall an appeal except by petition in error as hereinafter provided be taken to another court."

Section 7093, which is a part of this special proceeding, provides for the review of the final decision of the probate court on error, as follows:

"The final decision of the probate court, made under the provisions of this chapter, may be reviewed, upon a petition in error, by the court of common pleas of the proper county, but shall not be reversed for any defect in form if found to be substantially correct."

It will be observed that a new trial can only be granted by the probate court for misconduct of the jury, and the defendant in error claims that the right granted to the court of common pleas, by the above section, to review and reverse the final decision of the probate court, is limited to the power of the probate court to grant a new trial, and that the common pleas court can only reverse the case upon the grounds of misconduct of the jury, and as no motion for a new trial was filed on that ground in probate court, or no claim made in that court that there was misconduct of the jury, that the common pleas court had no jurisdiction in this action.

The right to prosecute error in any case exists only when conferred by statute. *Lafferty* v. *Shinn*, 38 Ohio St., 46-48; *Young* v. *Shallenberger*, 53 Ohio St., 291-302.

The Legislature, when it creates the right to review upon an action in error, can limit or enlarge that right as it deems best.

In the opinion in the case of *Canfield* v. *Brobst*, 71 Ohio St., 45, Price, Justice, said:

"The right to prosecute error to a judgment of a court is purely statutory, and if such remedy is not provided by statute,

none exists. Moreover, where the statute provides the right of review on error, it may fix such conditions to its exercise as the Legislature, in its wisdom, may adopt."

When the Legislature gave the right of appeal to the probate court from the compensation and damages allowed the landowner in proceedings of the commissioners to establish a public highway, it limited the right to prosecute error from the final decision of the probate court to the provisions made in that special act.

Then we must look to Section 7093 to determine the extent of the right given the common pleas court to review the final decision of the probate court. That section provides that the final decision of the probate court may be reviewed in the court of common pleas, and the only restriction placed upon its power to review for error occurring in the probate court is that it shall not reverse for any defect in the form of the final decision, if found to be substantially correct.

It is an elementary principle that remedial statutes shall receive a liberal construction. *Railroad Company* v. *Sullivent,* 5 Ohio St., 276-279.

Keeping this principle in mind and looking to this section, we find that it gives full power to review the final decision of the probate court and reverse it for errors which it may find that occurred in the trial, if they substantially affect the rights of the party.

It is true that the general policy of the Legislature has been to restrict the right of the reviewing court to reverse for errors that the trial court could have corrected by granting a new trial, but it can not be doubted that the Legislature has power to enlarge the right of the reviewing court to errors other than those which the trial court might have corrected. To limit the right of the common pleas court, under this section, to reverse the final decision of the probate court for error in granting or refusing a new trial, would be limiting the right of review granted by this section beyond the plain meaning of its terms.

For these reasons we think that the common pleas court had authority to review the proceedings of the probate court in the

admission and review of testimony and, if errors are found which substantially affect the rights of the party, to reverse for such errors.

This brings us to a consideration of the errors claimed to have occurred in the introduction of evidence on the trial of this case.

The first error complained of is in the court's permitting W. S. Reed, a witness on behalf of the realty company, upon cross-examination to be asked what he paid for seventeen lots purchased by him, and over the objection and exception of plaintiff in error to give the purchase price of $130; and again in permitting the witness, H. J. Sheets, on cross-examination to be asked if he knew the lots that Reed bought were bought for $125 apiece, and after the introduction of this testimony Mr. Southern, plaintiff in error, was called as a witness and was asked on cross-examination what he sold Lot No. 162 for. This was objected to by the defendant and the objection sustained.

This brings us to a consideration of when the price of specific sales of property can be proven in a trial involving the question of real estate sought to be taken for public purposes.

The question asked Southern was an effort on direct examination to prove the the selling price of another lot in the neighborhood, as tending to establish a basis for determining the value of the property sought to be appropriated. There is some conflict in authorities on this question, but we think the great weight of authority is against the introduction of this evidence.

But the questions asked the other two witnesses on cross-examination were intended to test their knowledge of the value of property, and the value that should be given to them as expert witnesses. The rule seems to be almost universal that this can be done. On these questions we call attention to the following authorities: *Lewis on Eminent Domain*, Section 435; *Railway Co.* v. *Vickory*, 26 Pac., 498; *Railway Co.* v. *Stewart*, 28 Pac., 1017; *1 Elliott on Evidence*, Section 180; *Railroad Co.* v. *Gorsuch*, 8 C.C.(N.S.), 297; *Railroad Co.* v. *Weildenmann*, 94 Pac., 146; *Union Pacific R. R. Co.* v. *Stanwood*, 91 N. W., 191.

There is a further complaint made that in the cross-examination of Mr. Sheets, before referred to, the price paid for the Reed lots was misstated. The witness Reed had a short time

before testified to the correct price, and the jury would not be deceived to the substantial prejudice of the plaintiff by the error committed in asking the question.

It is further complained that the defendant in error asked on cross-examination the witness if he did not·know of one hundred and forty-four lots in this allotment, including the ones in controversy in this action, had been appraised by appraisers appointed in a proceeding in the court of common pleas at less than $100 a lot; and the question was repeated to a second witness.

Neither of the witnesses seems to have known of this appraisement and the value placed thereon, and there was no evidence of this fact except the question asked by the attorney. The court should not have permitted an answer to this question, and it should not have been asked the second time. But it could not influence the jury so as to affect the plaintiff's substantial rights, and for this reason it was not prejudicial error. The jury would understand that they must not consider the value introduced in a question of counsel as proof of the value of the property in dispute.

As these are all the errors complained of, the judgment of the court below is affirmed.