No. 44,596

Huldah Hodges and Oliver Hodges, *Appellants,* v. The State Highway Commission of Kansas, *Appellee.*

(422 P. 2d 570)

Opinion filed January 21, 1967.

*A. Staneart Graham,* of Pittsburg, argued the cause and was on the brief for the appellants.

*R. L. White,* of Pittsburg, argued the cause, and *John H. Morse,* assistant attorney general, *Roger Hendrix,* assistant attorney, for the highway commission, and *R. L. Letton,* and *J. Curtis Nettels,* both of Pittsburg, were with him on the brief for the appellee.

The opinion of the court was delivered by

Harman, C.: Appellants owned farm land in Crawford county a part of which was condemned by appellee state highway commission for highway right-of-way. Both the landowners and the commission appealed from the award of the appraisers to the district court where jury trial was had. The jury award was for $1,893.00 upon which judgment was entered. Appellant landowners bring the case for review alleging error in the reception of testimony of a witness offered by appellee.

The facts pertinent to appellants' first contention are as follows: The witness was a farmer who since 1924 had lived approximately eight miles from appellants' land which land was situated about two miles west of Girard; the witness owned about 1300 acres in the general area west and north of Girard; on direct examination he testified he had recently sold land to his neighbor and had purchased land near Girard; he was interested in buying more land and was familiar with general land values in the area west of Girard; that he examined appellants' land and was familiar with it and the part taken for highway purposes; he had driven by the property at least once a week and he had looked at it in the presence of the highway engineer; he was familiar with the schoolhouse and well on the property and also with the hedge and its value for posts; over objection that he was not qualified as an expert witness he opined that the value of appellants' one hundred sixty acres of land prior to the taking was $21,980.00 and that after the taking the remainder was worth the sum of $20,469.50, making a difference of $1,510.50 due to the taking. We are not advised as to how much land was taken or as to factors which may have diminished the value of the remainder.

Appellant contends the witness was not properly qualified to express an opinion as to the value of the land in question because he was not shown to be an expert witness or to have had sufficient knowledge of the property in question.

We think the contention is not good. It has long been the rule in Kansas that neighboring farmers who are in fact acquainted with the physical character of farm land are permitted to give opinion evidence of the value thereof. In *L. & W. Rly. Co. v. Hawk*, 39 Kan. 638, 18 Pac. 943, this court stated:

"A farmer living in the vicinity is presumed to be familiar with and to know the value of farm lands, and there can be no doubt of his competency when it is shown that he knows the situation and character of the land, its productiveness and availability for use, and who further states that he knows the value of the same, as did the witnesses in the present case. [citations]." (p. 641.)

This rule has been approved many times (see, e. g., *L. & W. Rld. Co. v. Ross*, 40 Kan. 598, 20 Pac. 197; *K. C. & S. W. Rld. Co. v. Ehret*, 41 Kan. 22, 20 Pac. 538; *K. C. & S. W. Rld. Co. v. Baird*, 41 Kan. 69, 21 Pac. 227; *C. K. & S. W. Rld. Co. v. Cosper*, 42 Kan. 561, 22 Pac. 634; *Latham v. Brown*, 48 Kan. 190, 29 Pac. 400; *Railway Co. v. Weidenmann*, 77 Kan. 300, 94 Pac. 146).

The witness here was shown to be an experienced farmer in the neighborhood sufficiently well acquainted with the particular farm and the part taken. This qualified him to express an opinion as to value of the farm. Additionally he was shown to possess knowledge of market value based upon his special interest and participation in recent land transactions in the vicinity. The trial court committed no error in overruling the objection made upon direct examination of this witness.

We turn to appellants' second assertion of error. Upon cross-examination of the witness already referred to appellants brought out the specific sale price that the witness had paid for the land he had purchased which was about two miles from appellants' land. This purchase consisted of thirty-five acres inside the city limits of Girard and was bought for the sum of $400.00 per acre for a housing development. Appellants also elicited prices the witness had paid for other tracts of his land as well as prices he had received. Upon redirect examination by appellee the witness testified, over appellants' objection, that in the spring of the preceding year a one hundred fifty acre farm one mile east of appellants' land sold for $120.00 per acre.

Appellants assert error in the overruling of their objection to this evidence. In support of this position they cite *Luecke v. State Highway Commission*, 186 Kan. 584, 352 P. 2d 454, in which it is stated:

"It is the rule in this state that on direct examination testimony pertaining to the purchase price of a specific tract of neighboring land, the circumstances not being shown, is not a proper method to prove the market value of the land subject to condemnation. In condemnation proceedings, opinions as to the value of property should be confined to the property in question, unless on cross-examination, for the purpose of testing the knowledge and competency of the witness, the value of adjoining property is inquired into." (pp. 588, 589.)

In response appellee makes a frontal attack upon the rule stated, contending that under our present procedural code the best evidence of the market value of a tract of land is the price paid in the real estate market for other comparable land in the vicinity. This question is not briefed or argued by appellants. Inasmuch as appellants' contention may properly be answered upon another basis under the facts in this case, we decline to reexamine here the propriety of the quoted rule. If the rule questioned by appellee *is* to be abandoned, we prefer to do it at such time as it is presented by both sides. Such an appeal is now docketed in this court.

Upon direct examination of the witness by appellee specific sale

prices were not mentioned. Upon cross-examination appellants inquired into specific sale prices, as they were entitled to, for the purpose of testing the knowledge of the witness and the soundness of his opinion. They elicited the fact that land located in Girard two miles from appellants' land sold at a higher figure than that given by the witness as the value of appellants' land prior to the taking. Thus to that extent they impaired the credibility of the witness as to his evidence upon one point at issue—the value of appellants' land before the taking. Then upon redirect examination appellee brought out the recent selling price of comparable land situated one mile from that of appellants—a lower figure than that shown on cross-examination. Under well-established rules of evidence appellee was entitled to make that showing. After the attack appellee could upon redirect examination rehabilitate the witness by showing other sales of comparable land which sales were consistent with the opinion of the witness given upon direct examination and which sales the witness may have taken into account in expressing that opinion. Generally speaking, testimony is admissible to sustain a witness whose credibility has been challenged (4 Jones on Evidence, 5th ed., [1958], § 957). In section 962 of this treatise the rule is amplified to make permissible such rehabilitative testimony upon reexamination even though inadmissible upon direct examination, as follows:

"If cross-examination has disclosed facts which tend to impeach the integrity or character of the witness, he may, on reexamination, make explanations showing that the facts are consistent with his credibility as a witness, although the testimony would otherwise be irrelevant." (p. 1810.)

The trial court did not err in overruling appellants' objections to the witness's testimony and its judgment is affirmed.

APPROVED BY THE COURT.